OPINION
Defendant-appellant Larry Q. Ragans appeals from his conviction and sentence, following a guilty plea, for Sexual Battery. Ragans received the maximum, five-year sentence. Ragans contends that the trial court erred by accepting his plea after leading him to believe that it would follow the State's recommendation of a two-year sentence, that the trial court failed to provide a sufficient justification for its decision to impose the maximum sentence, and that the trial court erred by failing to find that a minimum sentence would demean the seriousness of the offense or would not adequately protect the public.
Based upon our review of the record, we conclude that the trial court did not mislead Ragans into believing that it would follow the State's recommendation as to sentence. The record reflects that the trial court made the requisite finding that the minimum sentence would demean the seriousness of the offense or would not adequately protect the public. Finally, the trial court's explanation for finding that Ragans committed the worst form of the offense, while sparse, is sufficient, and is supported by the record. Accordingly, the judgment of the trial court is Affirmed.
 I
At the time of the alleged offense, Ragans was 53 years old. His victim was a 17-year-old juvenile detainee. Ragans was on the staff of the juvenile detention center, and had supervisory authority over the victim. According to the arrest report, which is part of the pre-sentence investigation report, on four occasions Ragans entered the victim's cell, after she had gone to bed, and had vaginal intercourse with her. Ragans gave the victim numerous hand-written letters, most of which contained graphic sexual references. Copies of these letters are part of the pre-sentence investigation report. The victim kept these letters, rather than destroying each letter after reading it, as Ragans had requested.
When these facts eventually came to light, Ragans was arrested and charged in a fourteen-count indictment with various sexual offenses. Ragans ultimately entered into a plea bargain with the State, wherein he pled guilty to one count of Sexual Battery, with the remaining charges being dismissed. The charge to which Ragans pled guilty is a third-degree felony carrying a possible penalty of from one to five years imprisonment. The State agreed, as part of the plea bargain, to recommend a term of two years.
After the State had recited the terms of the plea bargain in the record, the trial court inquired of Ragans's attorney, as follows:
 THE COURT: Mr. VanNoy, is this a correct and a complete statement of the plea agreement in this case?
 MR VAN NOY: Yes, Your Honor, that is our understanding.
 Your Honor, I would indicate to the Court that my client has requested and I have advised that if the Court permitted a Presentence Investigation in this matter, the Court had the discretion, certainly, in terms of sentencing because of listening to the [sic] both sides of the investigation to increase the agreed upon sentence by the State of two years or potentially reduce that amount of a sentence if my client requests a Presentence Investigation in this matter. That is the nature of the agreement.
Thereafter, the trial court entered into a colloquy with Ragans wherein it informed him of the rights he would be waiving, and determined that his plea was being tendered voluntarily and knowingly.
The trial court then accepted Ragans's plea, and immediately thereafter entered into a colloquy with Ragans and his attorney concerning the impact of the pre-sentence investigation upon sentencing, as follows:
 THE COURT: Okay. I'll accept your plea to Count 5. Under the plea agreement, the remaining counts, the total indictment carried 14 counts. The remaining 13 counts will be dismissed.
 Pursuant to the plea agreement, I'll proceed with the agreed sentence if you're ready. Do you want to proceed with sentencing, Mr. VanNoy?
—
 (WHEREUPON, Defense Counsel and the Defendant consult.)
—
 MR. VAN NOY: Your Honor, my client would, please the Court, would request a Presentence Investigation.
 THE COURT: All right. Do you understand, Mr. Ragans, the Court is not going to be bound by the recommended sentence? If I conduct a Presentence Investigation, then I will have a sentencing range of one year to five years; and the Court will judge the appropriate penalty based on the presentence report.
Do you understand that?
THE DEFENDANT: Yes.
 Thereafter, the trial court held a sentencing hearing, at which it found
Ragans to have committed one of the worst forms of the offense, and imposed the maximum sentence of five years. From his conviction and sentence, Ragans appeals.
 II
Ragans's First Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN DEVIATING FROM THE TERMS OF A NEGOTIATED PLEA AGREEMENT AFTER AGREEING TO ITS TERMS ON THE RECORD.
Ragans acknowledges that a trial court is not ordinarily bound to the sentence agreed upon by the State and a defendant in a plea bargain. Ragans argues, however, that the trial court became bound when it approved the plea agreement. Ragans cites the trial court's statement, after it accepted the plea, that: "Pursuant to the plea agreement, I'll proceed with the agreed sentence if you're ready."
What Ragans's argument ignores is the trial court's statement, both before, and after, accepting his plea, that it would not be bound by the State's recommendation as to the sentence if Ragans were to request a pre-sentence investigation. The trial court even elicited from Ragans his acknowledgment of this.
Ragans's attorney, before the plea was accepted, stated his understanding of the plea agreement as including the recognition that if Ragans were to request a pre-sentence investigation, then the trial court would be free to impose a longer or shorter sentence, depending upon the pre-sentence investigation report.
After the plea was accepted, Ragans requested a pre-sentence investigation, and acknowledged, personally, that a consequence of his request was that the trial court could impose a longer, or shorter, sentence than the one recommended by the State, depending upon the pre-sentence investigation report.
Under these circumstances, the record clearly reflects that the trial court reserved the right to exercise its discretion with respect to sentencing if Ragans were to request a pre-sentence investigation, which Ragans did.
Ragans's First Assignment of Error is overruled.
 III
Ragans's Second Assignment of Error is as follows:
THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE.
When a trial court imposes the maximum sentence for an offense, it must state its reasons for imposing that maximum term. R.C. 2929.19(B)(2)(d). One possible ground for imposing a maximum sentence is the trial court's finding that the offender is among those offenders who have committed the worst forms of the offense. R.C. 2929.14(C). The mere recitation that the offender is among the class of those offenders who have committed the worst forms of the offense, without any statement of the trial court's reason for coming to that conclusion, does not satisfy the requirements of R.C. 2929.19(B)(2). State v. Gagaris (March 9, 2001), Clark App. No. 2000-CA-62, unreported.
The issue, then, is whether the trial court provided a statement of its reason for concluding that Ragans is within the class of those offenders who have committed the worst forms of the offense of Sexual Battery. The following are the pertinent portions of the trial court's remarks at sentencing:
 The Court notes that during that time, [the time of the offense], the defendant in the commission of this offense was a supervisor at the Juvenile Detention Center and had the care and control of the victim of the crime, that victim being a 17-year-old female.
 And I think he betrayed that position of trust and confidences in the commission of these offenses, and I think those are very aggravating circumstances to use a position of trust and confidence as a supervisor would bear in relation to the victim for this offense. It violates the office and the position that he held to commit this offense.
I notice in the statements given by the defendant that there was no remorse for the victim. It was more concern for his own welfare rather than remorse to the harm or damage caused to the victim, and I think that psychological damage to a 17-year-old victim would be quite apparent.
I've reviewed the letters in the presentence report both from the defendant and from the victim, the letters that the victim received from the defendant; and those numerous letters are very sexually graphic in nature, and they appear to include descriptions of various sexual activity which occurred between the victim and the defendant. Obviously it is not a fantasy as portrayed by Mr. Ragans.
I consider this to be the worst form of the offense based on the factors that I mentioned, that is, the position of trust and confidence he held over the victim while committing these offenses and the impairment that would be caused to a 17-year-old female by the commission of the offense.
Therefore, the Court feels that the appropriate sentence would be a sentence to the Ohio State Penitentiary for a period of five years. I reject the recommended sentence of the plea agreement because I find that this is the worst form of the offense; and, therefore, the recommended sentence of two years would not be an appropriate sentence considering the type of conduct and the position of the defendant when the offense occurred.
 * * *
And that the Court does want to make it clear on the record that the Court considered in imposing the maximum sentence that it was the worst form of the offense, and that's based on the mental and psychological damage to the victim.
It's based on the defendant having held a position of trust or an office that related to the commission of this offense and that his occupation assisted him in committing the offense; and, therefore, the Court feels justified in imposing the maximum sentence having found that it was the worst form of the offense to be committed.
By definition, Sexual Battery is sexual conduct with someone whose ability freely to consent is impaired, for one reason or another. Sexual conduct with a person who is in the custody of law, by a person having supervisory or disciplinary authority over the victim, is specifically proscribed by R.C. 2907.03(A)(6). Significantly, this division of the statute is not restricted in its application to situations where the victim is a minor.
We conclude that the trial court has adequately set forth in the record its reason for finding that Ragans's offense is among the worst forms of the offense of Sexual Battery. It involved a minor victim who, at night, was confined in her cell. She was relatively helpless when her cell was entered by Ragans, a member of the staff of the facility, for the purpose of having sexual intercourse with her.
The trial court indicated that it considered the letters that were made part of the pre-sentence investigation report. One of those was from the administrator of the juvenile section of the domestic relations division of the Clark County Common Pleas Court, Thomas W. Wilson. His letter alludes to the damage that Ragans's conduct has done to the trust and confidence of the inmates of the juvenile detention facility, their families, and the public at large. The success of juvenile corrections depends, in part, upon the co-operation of the inmates, their families, and the public at large. That co-operation is less easily obtained as a result of serious breach of trust like the breach of trust represented by Ragans's conduct in this case.
In short, we conclude that the trial court set forth in the record its reasons for finding that Ragans's offense is among the worst forms of the offense, and that the record supports that finding. Ragans's Second Assignment of Error is overruled.
 IV
Ragans's Third Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN FAILING TO IMPOSE THE SHORTEST POSSIBLE TERM OF IMPRISONMENT.
Ragans relies upon R.C. 2929.14(B), which provides that the trial court shall impose the shortest prison term authorized for the offense upon an offender who has not previously served a prison term, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. That statute does not require that the trial court give its reasons for its finding; it merely requires that the trial court make the appropriate finding, on the record. State v. Edmonson (1999), 86 Ohio St.3d 324, at 326.
The trial court's judgment entry includes the following:
 The court finds pursuant to R.C. 2929.14(B) that the shortest prison term will demean the seriousness of the defendant's conduct and the shortest prison term will not adequately protect the public from future crime by the defendant or others.
This finding satisfies the requirement of the statute, as interpreted by Edmonson, supra. Accordingly, Ragans's Third Assignment of Error is overruled.
 V
All of Ragans's assignments of error having been overruled, the judgment of the trial court is Affirmed.
 _________ FAIN, J.
GRADY and YOUNG, JJ., concur.